**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| **PEDRO ERAIN CHIRINOS MOLINA,** | |
| Petitioner, | Case No. _____ |
| v. | |
| **WARDEN,** in his/her official capacity as Warden of the Krome North Service Processing Center; **MIAMI FIELD OFFICE DIRECTOR,** in his/her official capacity as Field Office Director of the Miami Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; DAVID VENTURELLA, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; and TODD BLANCHE, in his official capacity as Acting Attorney General of the United States, | |
| Respondents. | |

**PETITION FOR WRIT OF HABEAS CORPUS**

**INTRODUCTION**

Civil immigration detention is constitutionally permissible only when it serves the Government's legitimate interests in preventing flight or protecting the community; it may not be imposed as a matter of course, untethered to those purposes. This Petition challenges the unlawful, warrantless immigration arrest and no-bond detention of Pedro Erain Chirinos Molina ("Petitioner" or "Mr. Chirinos Molina"), a longtime Florida resident who has lived in the United States for more than twenty years, a father to 4 U.S. citizen children, two of which are minors, and was seized by immigration officers as he traveled to work.

Mr. Chirinos Molina entered the United States without inspection more than two decades ago. In the years since, he has built his entire adult life here. He has four United States citizen children, maintains stable employment, holds a valid federal Employment Authorization Document, and has been a peaceful, law-abiding member of his community. He has no criminal record, except minor traffic infractions.

Mr. Chirinos Molina is in removal proceedings that an Immigration Judge administratively closed. Throughout those proceedings he has complied with every obligation imposed on him—appearing when required and reporting as directed. He has never been found to be a danger to the community or a flight risk. Then, on July 10, 2026, within the last several days, Respondents arrested Mr. Chirinos Molina without an immigration warrant while he was on his way to work. He is now confined at the Krome North Service Processing Center in Miami, Florida, with no bond hearing and no individualized custody determination. Upon information and belief, Respondents contend that he is subject to mandatory, no-bond detention under 8 U.S.C. § 1225(b)(2)(A). His detention is unlawful for at least four independent reasons.

First, Mr. Chirinos Molina is not subject to mandatory, no-bond detention under § 1225(b)(2)(A). In *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, No. 25-14065 (11th Cir. May 6, 2026), the Eleventh Circuit squarely held

that the no-bond detention provision of § 1225(b)(2)(A) reaches only aliens who are actually seeking admission, and that unadmitted aliens arrested in the interior—including a companion petitioner detained at this very facility, Krome, following a traffic stop—are instead detained under 8 U.S.C. § 1226(a) and remain eligible for bond. Mr. Chirinos Molina was arrested in the interior of Florida, more than twenty years after his entry, on his way home from work—not while seeking admission. Under binding, published precedent, he is detained under § 1226(a) and is entitled to the bond hearing he has been denied.

Second, due process independently entitles Mr. Chirinos Molina to a prompt, individualized bond hearing before a neutral decisionmaker. Respondents have detained him without any hearing at which the Government must justify his confinement, in violation of procedural due process.

Third, because Mr. Chirinos Molina is neither a flight risk nor a danger to the community, the Government has no legitimate interest in his no-bond detention, and that detention independently violates substantive due process.

Fourth, Mr. Chirinos Molina was arrested and is held without an immigration warrant, without probable cause to believe he was likely to escape before a warrant could be obtained, and without any prompt probable-cause determination—confined now for days on the basis of a civil immigration

allegation. His warrantless apprehension and continued detention violate the Fourth Amendment, the governing statute, and implementing regulations.

Mr. Chirinos Molina respectfully asks this Court to declare his arrest and detention unlawful; to order Respondents to provide him a prompt, individualized bond hearing under § 1226(a) at which the Government bears the burden of justifying his continued detention, or else to release him; to enjoin Respondents from transferring him outside this District for the duration of this proceeding; and to grant such further relief as is just.

## PARTIES

**PETITIONER PEDRO ERAIN CHIRINOS MOLINA** is a 45 year old, Honduran national who entered the United States without inspection more than twenty years ago and has resided continuously in Florida since that time. Prior to his arrest and detention, Mr. Chirinos Molina was living in Orlando, Florida. He is currently detained at the Krome North Service Processing Center in Miami, Florida. His Alien Registration Number is A 205-574-881.

**RESPONDENT WARDEN** is sued in his or her official capacity as Warden of the Krome North Service Processing Center, where Petitioner is confined. As the official responsible for Petitioner's physical confinement, Respondent is Petitioner's immediate custodian.

4

**RESPONDENT MIAMI FIELD OFFICE DIRECTOR** is sued in his or her official capacity as Field Office Director of the Miami Field Office, Enforcement and Removal Operations ("ERO"), U.S. Immigration and Customs Enforcement ("ICE"). The Miami Field Office oversees ICE detention and removal operations relating to Petitioner's custody, and Respondent is a legal custodian of Petitioner.

**RESPONDENT DAVID VENTURELLA i**s sued in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement. Respondent Venturella exercises supervisory authority over ICE's detention and removal operations nationwide and is a legal custodian of Petitioner.

**RESPONDENT MARKWAYNE MULLIN** is sued in his official capacity as Secretary of the Department of Homeland Security ("DHS"). As Secretary of DHS, the federal agency charged with administering and enforcing the immigration laws, Respondent Mullin exercises ultimate authority over Petitioner's immigration detention and is Petitioner's ultimate legal custodian.

**RESPONDENT TODD BLANCHE** is sued in his official capacity as Acting Attorney General of the United States. The Attorney General oversees the Executive Office for Immigration Review ("EOIR"), including the immigration judges who conduct removal proceedings and bond hearings pursuant to authority delegated by Congress. *See* 8 U.S.C. § 1103(g). Respondent Blanche is responsible for the administration of the immigration laws and exercises legal authority over

the proceedings that determine Petitioner's detention and removability. Accordingly, Respondent Blanche is a legal custodian of Petitioner.

## JURISDICTION AND VENUE

This Court has jurisdiction under the United States Constitution, U.S. Const. art. I, § 9, cl. 2; 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1651 (the All Writs Act); and 28 U.S.C. § 2241 (habeas corpus). Habeas corpus is "a remedy for unlawful executive detention," *Munaf v. Geren*, 553 U.S. 674, 693 (2008), available to a petitioner held "in custody in violation of the Constitution or laws . . . of the United States," 28 U.S.C. § 2241(c)(3). This Court also has remedial authority under 28 U.S.C. §§ 2201–02 (the Declaratory Judgment Act) to grant declaratory and injunctive relief.

No jurisdiction-stripping provision bars review. The limitations in 8 U.S.C. § 1252(a)(5) and § 1252(b)(9) apply only to challenges to a final order of removal; Mr. Chirinos Molina has no removal order and does not challenge one. *See Madu v. U.S. Att'y Gen.*, 470 F.3d 1362, 1366–67 (11th Cir. 2006); *Canal A Media Holding, LLC v. USCIS*, 964 F.3d 1250, 1257 (11th Cir. 2020). Nor does 8 U.S.C. § 1252(g) apply, because he does not challenge any decision to "commence proceedings, adjudicate cases, or execute removal orders." Instead, he challenges the statutory and constitutional basis for his detention—specifically, whether he is detained

6

under § 1225(b) or § 1226(a) and whether he is entitled to a bond hearing—questions district courts have jurisdiction to decide in habeas. *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065 (11th Cir. May 6, 2026) (affirming habeas relief on materially identical detention claims). Finally, 8 U.S.C. § 1226(e) does not bar this Petition, which raises legal and constitutional challenges to the framework of Petitioner's detention rather than a discretionary, individualized custody determination.

Venue is proper in the Southern District of Florida under 28 U.S.C. § 1391(e) because Respondents are officers, employees, and agencies of the United States and a substantial part of the events giving rise to these claims occurred in this District. Venue is also proper under 28 U.S.C. § 2241 because Petitioner is detained at the Krome North Service Processing Center in Miami, Florida, within this District, where his immediate custodian is located. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

Administrative exhaustion is unnecessary because it would be futile: Respondents take the position that noncitizens in Petitioner's situation are subject to mandatory detention without access to a bond hearing, so there is no meaningful administrative remedy to exhaust.

## RELEVANT FACTS AND PROCEDURAL HISTORY

Mr. Chirinos Molina entered the United States without inspection in or about 2006, more than twenty years ago. Since his arrival he has lived continuously in Florida. Mr. Chirinos Molina has built a stable and productive life. He has four U.S. citizen children, one of which is currently in college. Mr. Chirinos Molina is steadily employed in construction and holds a valid Employment Authorization Document. He is an active member of his community, and active member of a church in Orlando. Mr. Molina has minor traffic violations.

DHS placed Mr. Chirinos Molina in removal proceedings before the Orlando Immigration Court by issuing a Notice to Appear, charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present without being admitted or paroled. He appeared as required and complied with all obligations imposed on him.

On June 17, 2015, the Orlando Immigration Court administratively closed Mr. Chirinos Molina's removal proceedings. According to the Executive Office for Immigration Review's Automated Case Information system, his case remains administratively closed, there are no future hearings scheduled, and no appeal was taken to the Board of Immigration Appeals. No final order of removal has ever been entered against him.

On July 10, 2026, without prior notice and without an immigration warrant, immigration officers arrested Mr. Chirinos Molina as he was traveling to work. Mr. Chirinos Molina did not flee; he complied with the officers.

Mr. Chirinos Molina has been detained at the Krome North Service Processing Center since his arrest. He has received no bond hearing and no individualized custody determination. He does not pose a flight risk and he is not a danger to the community: he has lived in this country for more than twenty years, has deep family and community ties, is steadily employed, and has no criminal history.

## CAUSES OF ACTION

### FIRST CLAIM
#### *Violation of the Immigration and Nationality Act and Procedural Due Process (§ 1226, not § 1225)*

Petitioner repeats and re-alleges the allegations in all preceding paragraphs as if fully set forth herein.

The INA prescribes distinct detention regimes. Section 1226 "authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings," and individuals detained under § 1226(a) are generally entitled to a bond hearing. *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018); *see* 8 C.F.R. §§ 1003.19(a), 1236.1(d). Section 1231 governs detention of those with

9

final orders of removal. And § 1225 provides for the detention of aliens encountered "at the Nation's borders and ports of entry." *Jennings*, 583 U.S. at 288. Section 1225(b)(2)(A) applies to an "applicant for admission" who is "seeking admission" and whom an examining officer determines is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A).

Upon information and belief, Respondents claim Mr. Chirinos Molina is mandatorily detained under § 1225(b)(2)(A). The Eleventh Circuit has squarely rejected that reading as applied to unadmitted noncitizens arrested in the interior. In *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, No. 25-14065 (11th Cir. May 6, 2026), the court held that § 1225(b)(2)(A) limits no-bond detention to "applicants for admission who are 'seeking admission,'" and that its mandatory-detention command "generally applies to arriving aliens seeking lawful entry to the country, and not to aliens who are simply present here."

The court held that such interior arrestees are detained under § 1226(a) and remain eligible for bond, and it expressly rejected the Government's argument that an unadmitted alien becomes a person "seeking admission" merely by declining to self-deport. *Hernandez Alvarez* is binding, published precedent that controls this case, and it arose from the same detention facility and the same posture presented here—a companion petitioner was detained at Krome following a routine traffic stop.

Mr. Chirinos Molina entered without inspection and was arrested in the interior of Florida, more than twenty years after his arrival, while traveling to work. He was not "seeking admission," and he took no step to obtain lawful entry when he was detained. He is therefore detained under § 1226(a) and is entitled to a bond hearing. That he entered without inspection does not change the analysis: courts have overwhelmingly concluded that noncitizens who entered without inspection and are detained by ICE while residing in the United States are detained under § 1226, not § 1225(b)(2)(A), and are thus entitled to a bond hearing. *Accord Hernandez Alvarez*, No. 25-14065.

Respondents may invoke the Board of Immigration Appeals' contrary decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). That decision does not bind this Court on the statutory question, and in any event it is superseded within this Circuit by the Eleventh Circuit's contrary, published holding in *Hernandez Alvarez*. Any contrary district-court decision within this Circuit predating *Hernandez Alvarez* is likewise no longer good law.

Accordingly, Mr. Chirinos Molina's detention under § 1225(b)(2)(A), without the bond hearing required by § 1226(a), violates both the INA and procedural due process, rendering his detention unlawful from its inception. He is entitled to a prompt bond hearing or release.

11

## SECOND CLAIM

### *Violation of the Due Process Clause of the Fifth Amendment*
### *(Procedural Due Process)*

Petitioner repeats and re-alleges the allegations in all preceding paragraphs as if fully set forth herein.

Noncitizens physically present in the United States are entitled to due process regardless of immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *Mathews v. Diaz*, 426 U.S. 67, 77 (1976). Even "[w]hen government action depriving a person of life, liberty, or property survives substantive due process scrutiny, it must still be implemented in a fair manner." *United States v. Salerno*, 481 U.S. 739, 746 (1987). Courts apply the three-factor test of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), weighing (1) the private interest affected; (2) the risk of erroneous deprivation through the procedures used and the probable value of additional safeguards; and (3) the Government's interest, including the burdens of additional process.

The first factor weighs heavily in Petitioner's favor. "[F]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. Mr. Chirinos Molina has a fundamental interest in his continued liberty after more than twenty years of life in this country.

The second factor also favors Petitioner. Respondents detained him and continue to hold him with no bond hearing, no individualized custody determination, and no opportunity to be heard on whether his detention serves any legitimate purpose. The risk of erroneous deprivation is acute—his detention is the direct product of the absence of any procedure. The remedy is a prompt, individualized bond hearing before a neutral decisionmaker at which the Government bears the burden of justifying his detention. *See United States v. Smith*, 30 F.4th 1334, 1338 (11th Cir. 2022) ("the complete denial of the opportunity to be heard on a material issue is a violation of due process which is never harmless error" (cleaned up)).

The third factor likewise favors Petitioner. Providing a bond hearing imposes minimal burden, while erroneous detention imposes fiscal and administrative costs on Respondents and disserves the public interest. Respondents violated procedural due process by detaining Mr. Chirinos Molina without adequate procedural protections. This Court should order that he receive a prompt bond hearing, or be released.

## THIRD CLAIM

### *Violation of the Due Process Clause of the Fifth Amendment*
### *(Substantive Due Process)*

Petitioner repeats and re-alleges the allegations in all preceding paragraphs as if fully set forth herein.

Because "liberty is the norm, and detention prior to trial or without trial is the carefully limited exception," the Government may detain as a preventive measure only within strict limits. *Salerno*, 481 U.S. at 755; *see Foucha v. Louisiana*, 504 U.S. 71, 83 (1992). Immigration detention is civil and must "bear[] a reasonable relation to the purpose for which the individual was committed" so that it remains "nonpunitive in purpose and effect." *Zadvydas*, 533 U.S. at 690 (citation modified). Courts have identified only two legitimate purposes for civil immigration detention: mitigating flight risk and preventing danger to the community. *Id.* at 690–91; *Demore v. Kim*, 538 U.S. 510, 528 (2003).

Neither purpose is served by Mr. Chirinos Molina's detention. Respondents have not claimed—nor could they—that he presents a flight risk or a danger to the community. He has lived in the United States for more than twenty years, has U.S. citizen family members, is steadily employed under a valid federal work permit, is an active member of his community, and has no criminal history. He has complied with every obligation in his removal proceedings, which were administratively

14

closed. His detention serves no legitimate governmental purpose; it violates substantive due process; and this Court should order his release.

## FOURTH CLAIM

### *Violation of the Fourth Amendment, 8 U.S.C. § 1357(a)(2), and 8 C.F.R. § 287.3(d) (Unlawful Arrest and Detention)*

Petitioner repeats and re-alleges the allegations in all preceding paragraphs as if fully set forth herein.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures." U.S. Const. amend. IV. Immigration arrests and detentions are seizures within its meaning. *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1044 (1984). An arrest ordinarily requires a neutral determination of probable cause, either beforehand by warrant or promptly afterward, *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975), and that determination must occur within 48 hours of a warrantless arrest absent a bona fide emergency, *County of Riverside v. McLaughlin*, 500 U.S. 44, 56–57 (1991). There is a strong preference that civil immigration arrests be effectuated pursuant to a warrant. *Arizona v. United States*, 567 U.S. 387, 407–08 (2012).

Congress narrowly restricted the authority of immigration officers to arrest without a warrant. Under 8 U.S.C. § 1357(a)(2), an immigration officer may arrest

15

without a warrant only if the officer has reason to believe the individual is present in violation of the immigration laws and "is likely to escape before a warrant can be obtained." A warrantless immigration arrest thus requires probable cause of removability and particularized facts demonstrating a genuine risk of flight. 8 C.F.R. § 287.8(c)(2)(ii).

Mr. Chirinos Molina's warrantless arrest was made without probable cause to believe he was likely to escape before a warrant could be obtained. "Courts have . . . made the self-evident finding that the likelihood of escape is lower when the individual has resided in the country for a lengthy period of time and has strong community ties." *Escobar Molina v. U.S. Dep't of Homeland Sec.*, No. 25-cv-3417 (D.D.C. 2025). Mr. Chirinos Molina has lived here for more than twenty years, has deep family and community ties, has complied with every obligation in his immigration proceedings, and did not flee when he was stopped. Nothing about his arrest demonstrated any likelihood that he would flee before a warrant could be obtained.

Absent a lawful basis for a warrantless arrest, the Fourth Amendment required Respondents to secure a prompt judicial probable-cause determination to continue holding Mr. Chirinos Molina. *Gerstein*, 420 U.S. at 114; *McLaughlin*, 500 U.S. at 56–57. Implementing regulations likewise required a custody determination within 48 hours of a warrantless arrest, absent an emergency or extraordinary

circumstance, 8 C.F.R. § 287.3(d), at which the officer must find that "release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding," 8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8). Upon information and belief, Mr. Chirinos Molina received no such determination, and his detention has continued well beyond 48 hours, rendering it presumptively unconstitutional. His warrantless arrest and continued detention violate the Fourth Amendment, the INA, and implementing regulations, and this Court should order his release.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that this Court:

1. Assume jurisdiction over this matter;

2. Enjoin Respondents from transferring Petitioner outside the jurisdiction of this District pending these proceedings;

3. Declare that Petitioner's arrest and detention violate the Due Process Clause of the Fifth Amendment, the Fourth Amendment, and the INA and implementing regulations, and that Petitioner is detained under 8 U.S.C. § 1226(a);

4. Order Respondents to provide Petitioner a prompt, individualized bond hearing under 8 U.S.C. § 1226(a) before an immigration judge or this Court within seven days, at which the Government bears the burden of justifying Petitioner's continued detention by clear and convincing evidence, and order Petitioner's release if no such hearing is timely held;

5. In the alternative, issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately under reasonable conditions of supervision;

6. Grant bail pending the conclusion of this habeas review;

7. Order Respondents to facilitate the return of any personal identification documents seized from Petitioner, including his Employment Authorization Document and Social Security card, at no cost to Petitioner no later than seven days from the Court's order;

8. Award reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412; and

9. Grant such further relief as this Court deems just and proper.

DATED: July 15, 2026.

Respectfully submitted,

/s/ Laura S. Hernandez
LAURA S. HERNANDEZ
Florida Bar No. 118758
Northstead Law
1706 E. Semoran Blvd., 102
Apopka, FL 32703
T: (407) 912-0234
E: Laura@northsteadlaw.com
*Attorney for Petitioner*

## 28 U.S.C. § 2242 VERIFICATION STATEMENT

I am submitting this verification on behalf of the Petitioner because I am the Petitioner's attorney. I have discussed the events described in this Petition with the Petitioner. On the basis of those discussions, I hereby verify that the statements made in this Petition are true and correct to the best of my knowledge.

/s/ Laura S. Hernandez
LAURA S. HERNANDEZ
Northstead Law
*Attorney for Petitioner*

20