IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action 26-cv-03198-GPG

PEDRO ERAIN CHIRINOS MOLINA,

Petitioner,

v.

WARDEN, Aurora ICE Processing Center;
DENVER FIELD OFFICE DIRECTOR, U.S. Immigration and Customs Enforcement;
DAVID VENTURELLA, Acting Director of U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary of Homeland Security; and
TODD BLANCHE, Acting Attorney General of the United States,

Respondents.

---

**UNOPPOSED MOTION FOR EXTENSION OF TIME TO
PROVIDE WARRANT AND DOCUMENTS**

---

Pursuant to Fed. R. Civ. P. 16(b)(4) and D.C.COLO.LCivR 6.1, Respondents hereby submits this motion for an extension of time to comply with the Court's order to "facilitate the return of any personal identification documents seized from Petitioner" and to provide to the Court "any warrant justifying Petitioner's detention at the time he was detained." ECF No. 7, 3. Good cause exists to grant this motion, as described below.

Pursuant to D.C.COLO.LCivR 7.1, undersigned counsel for Respondents has conferred with Petitioner's counsel who indicated she does not oppose the requested relief.

Petitioner filed his Amended Petition for Habeas Corpus on July 17, 2026, seeking release from immigration detention or a bond hearing. *See generally* ECF No. 4. That same day, before Respondents were served, the Court granted the Petition, noting that it

1

saw "no purpose in awaiting a response from Respondents prior to granting relief." ECF No. 7, 2. The Court also ordered that Respondents provide Petitioner with a bond hearing under § 1226(a) "within SEVEN DAYS of receiving notice of this Order," that Respondents "SHALL facilitate the return of any personal identification documents seized from Petitioner, including his Employment Authorization Document and Social Security card, at no cost to Petitioner within SEVEN DAYS of the IJ's bond determination," and for Respondents to "file a status report within FIVE DAYS of the Petitioner's bond hearing," including "as an attachment any warrant justifying Petitioner's detention at the time he was detained." *Id.* at 2–3.

On July 31, 2026, before Respondents' received notice of this matter or the Court's Order, Petitioner received a bond hearing and bond was granted. *See* Order of the Immigration Judge, submitted to the Court as Exhibit A. Petitioner was released from immigration detention yesterday, August 3, 2026.

Based on the July 31st date, the last day for Respondents to "facilitate the return" of Petitioner's documents is August 7, 2026, and the last day for Respondents to provide a status report attaching "any warrant justifying Petitioner's detention" is today, August 4, 2026. Respondents request until August 11, 2026, to return Petitioner's documents and provide to the Court any warrant justifying Petitioner's detention.

Federal Rule of Civil Procedure 6(b)(1)(A) provides that the Court may extend a deadline for good cause if a motion for an extension is filed before the deadline passes. "District courts generally are afforded great discretion regarding trial procedure applications (including control of the docket and parties)." *Pepe v. Koreny*, 189 F.3d 478 (10th

Cir. 1999) (internal citation and quotation marks omitted). "The inherent authority of a district court to manage its docket includes discretion to grant or deny continuances or extensions of time." *Id.*

Good cause exists to grant Respondents' requested extension. *First*, Respondents did not receive notice of this matter, or the Court's Order, until yesterday, August 3, 2026, via a voicemail from Petitioner's counsel. *Second*, because Petitioner was originally detained in Florida and then transferred to Colorado (Am. Pet., ECF No. 4, 2), his physical file is not currently located in Colorado. Undersigned counsel has communicated with agency counsel for U.S. Immigration and Customs Enforcement who is working diligently to receive Petitioner's file on an expedited basis to comply with the Court's Order. *Third*, undersigned counsel has, and will continue to, communicate with Petitioner's counsel regarding this matter, and Petitioner's counsel has indicated she does not oppose this motion.

Pursuant to D.C.COLO.LCivR 6.1(b), this is the first extension Respondents are seeking of the aforementioned deadlines.

Pursuant to Civ. Practice Standard 6.1A(d), this motion is being filed on or before the operative deadline.

Pursuant to D.C.COLO.LCivR 6.1(c), a copy of this motion will be served on a representative for Defendant.

///

## CONCLUSION

For the foregoing reasons, Respondents respectfully request that the Court issue an order granting them an extension until August 11, 2026, to (1) submit to the Court any warrant justifying Petitioner's detention at the time he was detained, and (2) to facilitate the return of any personal identification documents seized from Petitioner; and to further order that Respondents provide the Court with a status report by August 11, 2026, certifying the same.

Dated: August 4, 2026.                    Respectfully submitted,


PETER MCNEILLY
United States Attorney


s/ Winnie D. Wu
**Winnie D. Wu**
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Email: Winnie.Wu@usdoj.gov

*Counsel for Respondents*

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record.

*s/ Winnie D. Wu*
U.S. Attorney's Office