# EXHIBIT A



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**AURORA IMMIGRATION COURT**

Respondent Name:

    CHIRINOS MOLINA, PEDRO ERAIN

To:

    HERNANDEZ, LAURA SUSANA
    1706 E. Semoran Blvd
    Suite 102
    Apopka, FL 32703

A-Number:
205-574-881
Riders:
In Custody Redetermination Proceedings

Date:
07/31/2026

## ORDER OF THE IMMIGRATION JUDGE

The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered:

☐   Denied, because

☑   Granted. It is ordered that Respondent be:
    ☐   released from custody on his own recognizance.
    ☑   released from custody under bond of $ 9,000.00
    ☐   other:

On July 30, 2026, the Court held a custody redetermination hearing in the above-captioned matter. The hearing was scheduled following DHS's filing of a Form I-286 indicating that Respondent requested an immigration judge review his custody status. Respondent also provided the Immigration Court a copy of the District Court Order issued on July 17, 2026, by the Honorable Gordon P. Gallagher of the United States District Court for the District of Colorado granting Respondent's Petition for Writ of Habeas Corpus in part and ordering that Respondent be provided a bond hearing pursuant to 8 U.S.C. section 1226(a) within seven days of service of the Order. The District Court ordered that the government bear the burden of proof of showing Respondent's Continued detention is proper and was proper at the time of arrest. The District Court cited case law stating that government must prove risk of flight by a preponderance of the evidence and must prove dangerousness to any other person or to the community by clear and convincing evidence. Respondent did not contest that the hearing held July 30 was timely.

Section 236(a) of the INA, 8 U.S.C. § 1226(a), grants the Court broad

discretion to determine an eligible respondent's custody status during removal proceedings. Matter of D-J-, 23 I&N Dec. 572, 575 (A.G. 2003). To determine a respondent's custody status or bond, the immigration judge considers "any evidence in the record that is probative and specific." Matter of Guerra, 24 I&N Dec. 37, 40-41 (BIA 2006); 8 C.F.R. § 1003.19(d). First, the Court must consider whether the respondent's release from custody would pose a danger to people or property. Matter of Urena, 25 I&N Dec. 140, 141 (BIA 2009). "An Immigration judge should only set a bond if [she] first determines that the alien does not present a danger to the community." Id. at 141. See also 8 C.F.R. § 1236.1(c)(8); Matter of Guerra, 24 I&N Dec. at 38; Matter of Adeniji, 22 I&N Dec. 1102, 1112-13 (BIA 1999). If the noncitizen is not considered a danger, the Court must then consider whether they are likely to appear for future immigration proceedings. Matter of R-A-V-P-, 27 I&N Dec. 803, 804 (BIA 2020). General criteria for consideration of bond include (1) a fixed address in the United States; (2) length of residence in the United States; (3) local family ties and whether the ties may entitle the applicant to reside in the United States; (4) employment history; (5) record of appearances in court; (6) criminal record and any pending criminal charges; (7) history of immigration violations; (8) attempts to flee prosecution or authorities; and (9) manner of entry. Matter of Guerra, 24 I&N Dec. at 40. The Court has wide latitude in deciding which factors to consider, and the weight they hold in making its determination. Id.

Here, DHS does not assert that Respondent is a danger. Regarding flight, the Court considers that Respondent has been in the United States for more than 20 years. He has a history of appearing at non-detained hearings prior to his removal proceedings being administratively closed. He has strong family ties including four United States citizen children and step-children, including his two minor children who would serve as qualifying relatives for purposes of cancellation of removal. The Court weighs his 2012 charge for unlawful possession of an id document for which he entered a nolo contendere plea and adjudication was withheld alongside the above-noted and additional factors of his fixed address at the property he co-owns, employment history, and tax filings. Considering the entirety of the record, the Court finds Respondent's flight risk could be mitigated by a bond set in the amount of $9,000.

☐ Other:

Immigration Judge: Buhl-Madsen, Meghan 07/31/2026

Appeal:    Department of Homeland Security: ☐ waived  ☑ reserved
           Respondent:                     ☐ waived  ☑ reserved
Appeal Due: 08/31/2026

**Certificate of Service**

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS

Respondent Name : CHIRINOS MOLINA, PEDRO ERAIN | A-Number : 205-574-881

Riders:

Date: 07/31/2026 By: Buhl-Madsen, Meghan, Immigration Judge